**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

AHMAD SULAIMAN,

Plaintiff,

v.

STELLAR RECOVERY, INC.,

Defendant.

CIVIL ACTION 1:15-cv-10503

COMPLAINT

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES the Plaintiff, AHMAD SULAIMAN ("Plaintiff") by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, STELLAR RECOVERY, INC. ("SRI") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking actual, statutory, punitive damages, attorney's fees and costs for SRI's violations of the violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and SRI's conduct harmed Plaintiff in this District.

## PARTIES

4. Plaintiff, Ahmad Sulaiman, is a consumer and natural person over 18 years of age who, at all times relevant, resided in the Northern District of Illinois.

5. Defendant SRI is a Florida corporation with its principal place of business located at 4500 Salisbury Road, Suite 105, Jacksonville, Florida 32216. Defendant transacts business in Illinois and its registered agent in Illinois is Business Filings Incorporated located at 118 West Edwards Street, Suite 200, Springfield, Illinois 62704.

6. SRI is a creditor, debt collector, and furnisher of credit information.

7. SRI is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed or allegedly owed to a third party.

### SRI'S INACCURATE AND NEGATIVE REPORTING ON PLAINTIFF'S CREDIT REPORT

8. On November 16, 2015, Plaintiff accessed his Equifax credit report for a routine check of his credit files. *See* Exhibit A, a true and correct copy of the relevant portion of the Equifax credit report.

9. Plaintiff discovered that SRI was erroneously reporting an account in collections (since May of 2015) from the original creditor, Dish Network. *Id.*

10. Plaintiff immediately contacted SRI to inquire as to the source of the erroneous reporting on his Equifax credit report.

11. When he was connected to an SRI customer service representative, he stated that the reporting was inaccurate and that he was disputing the validity of the debt.

12. The SRI customer service representative then stated that Plaintiff must contact Dish Network in reference to the alleged debt as SRI no longer can discuss the account with Plaintiff because it is now officially in dispute.

13. Plaintiff requested from SRI a validation of the debt, but SRI refused, and stated that he would have to contact Dish Network.

14. Plaintiff again requested from SRI a validation of the debt, and SRI stated that it is not required to do since SRI would be transferring the account back to Dish Network because Plaintiff disputed it.

15. Plaintiff then contacted Dish Network to discuss the matter.

16. The Dish Network customer service representative affirmed that Plaintiff did not owe this debt and that this debt was never incurred by Plaintiff.

17. Concerned about the negative impact to his credit and the violations of his rights and protections afforded by the FDCPA, Plaintiff sought the assistance of counsel to ensure that SRI's collection efforts and erroneous credit reporting cease.

18. Plaintiff has expended time and expenses consulting with his attorneys as a result of SRI's deceptive collection actions.

19. Plaintiff was unduly inconvenienced by SRI's unlawful attempts to collect a debt that was never owed.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(PLAINTIFF AGAINST SRI)**

20. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. SRI qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

23. SRI violated 15 U.S.C. §§1692 e(2), e(8), and e(10) through its debt collection efforts on a debt that was never incurred or owed by Plaintiff.

   **a. Violation of FDCPA §1692e**

24. SRI violated §1692e(2) by falsely representing or attempting to confuse Plaintiff that the debt was collectible when in fact it was not collectible because Plaintiff never incurred this debt.

25. SRI violated §1692e(8) by communicating false credit information to Equifax, listing the debt as in collections, originally incurred with Dish Network, and listing a balance in the amount of $18.00.

26. SRI violated §1692e(10) by engaging in deceptive conduct as the debt was not collectible or owed at the time the false credit information was reported by SRI.

27. SRI attempted to coerce and induce Plaintiff into paying a debt that was not legally collectible or owed.

28. As an experienced creditor and debt collector, SRI knew or should have known the ramifications of collecting on a debt that was never incurred.

29. SRI knew or should have known that the debt was not owed.

WHEREFORE, Plaintiff AHMAD SULAIMAN requests that this Honorable Court:

**a.** Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

**b.** Award Plaintiff statutory damages, in an amount to be determined at trial, for the underlying FDCPA violations;

**c.** Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k; and

**d.** Award any other relief as this Honorable Court deems just and appropriate.

COUNT II – VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT
(PLAINTIFF AGAINST SRI)

30. Plaintiff restates and reallages paragraphs 1 through 17 as through fully set forth herein.

31. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1(c).

32. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1(e).

**a. Unfairness**

33. SRI was engaged in "commerce" in the State of Illinois with regard to Plaintiff and the allaged debt as defined by ICFA, 815 ILCS 505/1(f). SRI specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in their regular course of business.

34. SRI's credit reporting regarding the alleged debt, which was never incurred by Plaintiff, represents the use of false pretenses and misleading communication to attempt to collect a debt that was not owed at the time SRI reported the inaccurate information to Equifax.

35. It was unfair for SRI to seek to collect a debt that Plaintiff never incurred through misleading, inaccurate, and negative reporting on Plaintiff's credit report.

36. SRI's reporting of a debt that Plaintiff had never incurred is an unfair attempt to induce Plaintiff to pay the debt rather than go through the process of disputing the debt and contesting the inaccurate credit reporting. During this process, Plaintiff's credit report would continue to be inaccurate, painting an unfavorable picture of Plaintiff to potential creditors.

37. It was unfair for SRI to mislead Plaintiff into believing that he must pay a sum of $18.00 to satisfy a debt he never incurred.

38. SRI intended that Plaintiff rely on its unfair acts.

39. Plaintiff relied upon SRI's false and misleading information by seeking clarification from SRI as to the validity of the debt.

40. Plaintiff also relied upon SRI's false and misleading information, forcing him to spend time contacting Dish Network regarding the false debt and consulting with his attorneys regarding SRI's blunder.

41. An award of punitive damages is appropriate because SRI's conduct described above was outrageous, willful and wanton, showed a reckless disregard for Plaintiff's rights and the rights of consumers, generally.

WHEREFORE, Plaintiff AHMAD SULAIMAN requests that this Honorable Court:

**a.** Enter judgment in his favor and against SRI;

**b.** Award Plaintiff damages in an amount to be determined at trial;

**c.** Award Plaintiff punitive damages in an amount to be determined at trial;

**d.** Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

**e.** Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

**Dated:** November 20, 2015

**Respectfully Submitted,**

**/s/ Majdi Y. Hijazin, *Of Counsel***

Majdi Y. Hijazin, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188
mhijazin@hijazinlaw.com